Fred R. JONES, Plaintiff,

v.

Martin R. HOFFMAN, etc., Defendant.

Civ. A. No. 76–101–N.

United States District Court, M. D. Alabama, N. D.

Sept. 7, 1976.

Warren S. Reese, Jr., Montgomery, Ala., for plaintiff.

Ira DeMent, U. S. Atty., and Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., John W. Matthews, Action Atty., U. S. Dept. of the Army, Military Personnel Branch, Litigation Div., Washington, D. C., for defendant.

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

VARNER, District Judge.

Plaintiff has been nominated by the Governor as assistant adjutant general of the State of Alabama and brings this proceeding to require the Secretary of Defense to certify him as a brigadier general so that Plaintiff may fulfill that position.

This cause is submitted on the pleadings and Defendant's motion for summary judgment. 10 U.S.C. § 1001 provides that:

"The Secretary * * * shall, by regulation, prescribe * * * standards and qualifications for the retention and promotion of members of the reserve components under his jurisdiction * * *."

It is further conceded that, pursuant to said § 1001, the Secretary prescribed NGR 600–100 which requires a minimum of two years of service in the grade of colonel prior to consideration for federal recognition as a brigadier general. Plaintiff lacks this in-grade service.

There are numerous sections of the United States Code which except adjutants general or assistant adjutants general from particular provisions, requirements or qualifications prescribed for various officers by the said sections of the United States Code or by regulations issued by the Secretary pursuant thereto,[1] but no such exception specifically exempts adjutants general and assistant adjutants general of states from the requirement of two years in service as a colonel prior to promotion to general.

The facts are clear that § 1001 authorizes the Secretary to promulgate the regulation in question, that the regulation in question was duly promulgated pursuant to the statute[2] and requires two years in grade as colonel before promotion to general, and that Plaintiff has not served two years in service as a full colonel and is, therefore, not eligible under the regulation. While other statutes may indicate that Congress exempted adjutants general and assistant adjutants general from most of the qualifications for military promotions, no statute indicates that Congress has done so insofar as the in-service requirement is concerned. This Court has no right to construe any statute to mean other than what it says if that statute is unambiguous.[3] There is no ambiguity in either the statute or the regulation in this case, and it is, therefore, the opinion of this Court that the Plaintiff should take nothing by his claim in this proceeding, and judgment will enter accordingly.

---

1. 10 U.S.C. § 1002(c) exempts adjutants general and assistant adjutants general from the requirements of subsection (a) of said section, a requirement of promotional points. 10 U.S.C. § 3218 exempts adjutants general and assistant adjutants general from being included in citations of strength of the organized reserve. 10 U.S.C. § 3845 exempts adjutants general and assistant adjutants general until the age of 64 from the requirement that major generals must retire at the age of 62 as provided in § 3844.

2. Regulations promulgated pursuant to a statute which provides for such regulations have the effect of law. *Maryland Cas. Co. v. United States,* 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297 (1920); *United States v. Barnard,* 255 F.2d 583 (10th Cir. 1958).

3. *Norwegian Nitrogen Products Co. v. United States,* 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796 (1933); *Hometrust Life Ins. Co. v. United States Fidelity & Guaranty Co.,* 298 F.2d 379 (5th Cir. 1962).